[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13269

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID CILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 0:12-cr-60262-KAM-1 and 0:15-cv-60498-KAM

_____

Before JILL PRYOR, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

The Government's motion for summary affirmance is **GRANTED in part**. Defendant Cilla had requested that the district court direct Lexis/Nexis to remove from its site a particular decision it had previously published. The district court declined to do so, noting that Lexis/Nexis is a private company and that the court had no authority to order a private company to remove information from its data base. [Case No. 12-cr-60262 at Doc. No. 129; Case No. 15-cv-60498 at Doc. No. 46].

In his appellant's brief to this Court, Cilla now acknowledges the correctness of the district court's conclusion and no longer asks the district court to direct a private company to remove material from its data base. The Government has moved for summary affirmance, and Cilla's concession means that the Government's motion is clearly due to be granted as to this particular request originally made by Cilla in his district court litigation. Accordingly, **the Government's motion for summary affirmance as to this part of Cilla's appeal is GRANTED**.

In his appellant's brief, however, Cilla also indicates that he continues to request that the district court seal a particular document in the district court's own record of his case. The district court did not rule on this particular request. The court's inaction is somewhat understandable given that the record in Cilla's criminal case, Case No. 12-cr-60262, does not even contain this

21-13269                Opinion of the Court                3

document.  Another possible reason for the absence of a ruling is the failure of Cilla to denominate in the caption of his motion this specific relief he seeks on appeal, although the body of the motion does make a passing request that the district court remove this document from PACER, which, under all the circumstances here, can arguably be read as a request that the court seal the document.

Were we dealing only with the docket for the criminal case, it would then be a simple matter to say that, although not addressed by the district court, Cilla's motion is due to be denied, as the document he wishes to be sealed is nowhere found in the docket for his criminal case.  Yet, there is a second docket relating to Cilla's criminal conviction, and that docket refers to Case Number 0:15-cv-60498-KAM. This second docket includes pleadings related to Cilla's successful § 2255 motion alleging ineffective assistance by Cilla's trial counsel based on the latter's failure to file an appeal of the sentence imposed by the district court on Cilla.  Cilla's success on this motion enabled him to file what would ordinarily have been an untimely notice of appeal.[1]  Of moment to the present litigation is the fact that the document that Cilla now asks to be sealed is found, unsealed, within this second docket.  The district court's ruling on Cilla's motion to direct Lexis/Nexis to remove from its site a particular decision it had previously published is now found within this 2015 docket at Document Number 46, just as it is found in the 2012 docket.  The underlying motions on which the

---

[1]  In its subsequent ruling on that appeal, this Court affirmed Cilla's conviction and sentence.

court ruled, found at Document Numbers 43 and 44 in the 2015 docket, are sealed.[2] Cilla appealed the district court's ruling filed in both the 2012 and the 2015 dockets.

As the district court has not yet ruled on Cilla's motion to seal the particular document at issue, we **REMAND** this case to the district court to rule on this matter in the first instance. The pleadings presently under seal in the district court and this Court shall remain under seal pending the district court's ruling.

**AFFIRMED IN PART; REMANDED IN PART**.

---

[2] Those same motions are labeled as Document Numbers 125 and 126 in the 2012 criminal case docket. They are likewise sealed in that docket.